UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SHIRLEY DIANE BURNETT,<br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | )<br>)<br>)<br>)　　Civil Action No. 2:21cv565<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff Shirley Diane Burnett ("Plaintiff"), appearing *pro se*, filed this action against Defendant United States of America ("USA"). Compl., ECF No. 1. This matter is before the Court on (i) USA's Motion to Dismiss, ECF No. 5; (ii) Plaintiff's "Motion for Leave to File Amended Complaint and Other Equitable Relief" ("Motion to Amend"), ECF No. 8; and (iii) Plaintiff's "Motion for Extension of Time to File Amended Complaint" ("Motion for Extension"), ECF No. 9.

For the reasons set forth below, the Court will *sua sponte* GRANT Plaintiff leave to file an Amended Complaint. Plaintiff will be ORDERED to file an Amended Complaint, pursuant to the instructions set forth herein, within thirty days. As a result, USA's Motion to Dismiss, Plaintiff's Motion to Amend, and Plaintiff's Motion for Extension, ECF Nos. 5, 8, and 9, will be DISMISSED as moot.

**I.   RELEVANT BACKGROUND**

On October 7, 2021, Plaintiff paid the requisite fees and filed a Complaint against USA. Compl., ECF No. 1. USA moved to dismiss Plaintiff's Complaint on November 17, 2021. Mot. Dismiss, ECF No. 5. Twenty-two days later, on December 9, 2021, Plaintiff filed a Motion to

Amend, in which Plaintiff seeks authorization to file an Amended Complaint. Mot. Amend, ECF No. 8. In her motion, Plaintiff states that she intends "to remove the [USA] as a defendant, and add new defendants that were significantly involved" in the matters upon which Plaintiff bases her lawsuit. *Id.* at 1-2. Plaintiff did not attach a proposed Amended Complaint to her Motion to Amend. Plaintiff also filed a Motion for Extension on December 9, 2021, in which Plaintiff asks the Court to "extend the time for [P]laintiff to file an Amended Complaint or otherwise to respond" to USA's dismissal motion. Mot. Extension at 1-2, ECF No. 9.

On January 7, 2022, Plaintiff filed a document titled, "Amended Complaint for Violation of Civil Rights Under Section 42 U.S.C. 1983," which was docketed as a "Proposed Amended Complaint." Proposed Am. Compl., ECF No. 11. Five days later, on January 12, 2022, Plaintiff filed another document with the same title, which was docketed as a "Second Proposed Amended Complaint." Second Proposed Am. Compl., ECF No. 12. On January 27, 2022, Plaintiff filed a document titled, "Notice of Voluntary Dismissal Pursuant to Rule 41(a)(1)(a)(i)" ("Notice of Dismissal"), in which Plaintiff appears to ask the Court to dismiss some of the Defendants named in Plaintiff's Proposed Amended Complaint and Second Proposed Amended Complaint. Notice of Dismissal at 1-2, ECF No. 14.

## II. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings prior to trial. *See* Fed. R. Civ. P. 15(a). The rule states:

(1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2)   ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

*Id*.

Courts have characterized Federal Rule 15 as a "liberal rule" that "gives effect to the federal policy in favor of resolving cases on the merits." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). However, leave to amend may be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id*. (citation omitted); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, USA served its Motion to Dismiss on Plaintiff on November 17, 2021, and Plaintiff filed her Motion to Amend on December 9, 2021, after the expiration of her deadline to file an amended pleading as a matter of course. Mot. Dismiss, ECF No. 5; Mot. Amend, ECF No. 8; *see* Fed. R. Civ. P. 15(a)(1). Accordingly, Plaintiff's amendment request must be considered in the context of Federal Rule 15(a)(2).

As summarized above, Plaintiff has filed a Motion to Amend, two separate proposed Amended Complaints, and a Notice of Dismissal that seeks to dismiss certain Defendants named in Plaintiff's proposed amendments. Upon review, the Court finds that Plaintiff has not clearly identified the intended Defendants, the intended claims, or the factual basis for the intended claims. Additionally, it is unclear which document Plaintiff intends to utilize as the operative complaint in this action. Under these circumstances, the Court will not authorize the filing of either proposed amendment that Plaintiff has submitted to the Court. However, in deference to Plaintiff's *pro se* status, the Court will *sua sponte* GRANT Plaintiff leave to file an Amended Complaint in this action. Plaintiff will be ORDERED to file an Amended Complaint within thirty days. Plaintiff is ADVISED that the Amended Complaint will become the operative complaint in this action. As such, the Amended Complaint must:

    (i)    be clearly labeled as Plaintiff's Amended Complaint;

    (ii)    clearly identify all intended Defendants;[1]

    (iii)    clearly state, with specificity, every claim that Plaintiff intends to assert against each Defendant; and

    (iv)    clearly set forth all factual allegations upon which each asserted claim is based.

Because Plaintiff will be ORDERED to file an Amended Complaint pursuant to the instructions set forth above, Plaintiff's Motion to Amend and Motion for Extension, ECF Nos. 8 and 9, will be DISMISSED as moot.

An amended complaint supersedes a prior complaint and renders it of no legal effect. *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). Because Plaintiff's Amended Complaint will become the operative complaint in this action, USA's Motion to Dismiss, which seeks the dismissal of Plaintiff's initial Complaint, will be rendered moot. Accordingly, USA's Motion to Dismiss, ECF No. 5, will be DISMISSED as moot.

### III. CONCLUSION

For the reasons set forth above, the Court will *sua sponte* GRANT Plaintiff leave to file an Amended Complaint. Plaintiff will be ORDERED to file an Amended Complaint, pursuant to the instructions set forth herein, within thirty days. As a result, USA's Motion to Dismiss, Plaintiff's Motion to Amend, and Plaintiff's Motion for Extension, ECF Nos. 5, 8, and 9, will be DISMISSED as moot.

An appropriate Order shall issue.

/s/ Roderick C. Young
United States District Judge

Norfolk, Virginia
July 7, 2022

---

[1] Following the receipt of Plaintiff's Amended Complaint, the Court will review the intended Defendants and will address any service-related issues in a separate Order.